UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVEYON CAMPBELL,<br><br>  Plaintiff,<br><br>v.<br><br>JAMES G. COX, et. al.,<br><br>  Defendants. | Case No. 3:15-cv-00194-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Jacob Parr's Motion to Dismiss Under FRCP Rule 12(b)(6), or in the Alternative FRCP Rule 56. (Electronic Case Filing (ECF) No. 17.) Plaintiff filed a response (ECF No. 28), and Parr filed a reply (ECF No. 34).

After a thorough review, the court recommends that Parr's motion be granted.

**I. BACKGROUND**

Plaintiff is an inmate within the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The allegations giving rise to the complaint took place while Plaintiff was housed at Ely State Prison (ESP). (Compl., ECF No. 4.)

Plaintiff filed his original complaint on April 3, 2015, which the court screened and directed to be filed on November 13, 2015. (ECF Nos. 1-1, 3, 4.) He was given leave to amend to correct certain deficiencies in the complaint, but failed to file an amended complaint within the prescribed time period; therefore, the court ordered that the action would proceed on the claims identified in the screening order. (ECF No. 5.)

In the complaint, Plaintiff alleges that on September 25, 2014, he was in an altercation with another correctional officer, which resulted in him being shot and taken to the infirmary at approximately 9:30 p.m., but this event is not the subject of this action. (ECF No. 4 at 9.) At approximately 11:30 p.m., Plaintiff claims that defendant Werber opened Plaintiff's cell door and allowed C.E.R.T. Officers Pinkham, Rigney, Green, Boardman, Parr and Deeds to beat up Plaintiff unnecessarily. (*Id*. at 7, 9-10.) He alleges that Deeds grabbed him and squeezed his throat, while Pinkham, Boardman and Parr tackled him to the floor and started to kick him and punch him in the mouth and nose. (*Id*. at 9.) Rigney, Green, Pinkham, Parr and Deeds then began stomping on him while he was on the floor, handcuffed behind his back and not resisting. (*Id*. at 10.) Werber failed to intervene, and when Plaintiff tried to exit his cell, Werber pushed him back in and the abuse continued. (*Id*.) Plaintiff claims he suffered injuries including a black eye, bruised ribs, numbness to the hands and wrists, injury to the nose, migraine headaches and difficulty breathing. (*Id*. at 11.)

He avers that Nurse A. Scott came to his cell and Scott agreed with another officer not to provide Plaintiff with any aid. (*Id*.) He claims that Scott refused to treat Plaintiff, and instead left him on the floor bleeding. (*Id*. at 11-12.) Plaintiff also contends that Nurse Jones failed to remove shotgun pellets from Plaintiff. (*Id*. at 14.)

He goes on to allege that on September 26, 2014, Associate Warden Michael Fletcher ordered Correctional Officer Fillman to clean up blood from Plaintiff's injuries from the previous night's attack, and Fletcher choked and threatened Plaintiff before leaving his cell. (*Id*. at 8, 15-16.) Fillman failed to intervene. (*Id*. at 16.)

The court allowed Plaintiff to proceed with an excessive force claim based on the allegation that he was attacked in his cell by Deeds, Rigney, Green, Pinkham, Boardman and Parr, and an Eighth Amendment claim against Werber for failing to intervene. He was also allowed to proceed with an Eighth Amendment claims against Scott and Jones for deliberate indifference to a serious medical need based on the alleged failure to provide medical treatment. In addition, the court found Plaintiff stated colorable Eighth Amendment claims against Fletcher

1   and Fillman based on the allegations that Fletcher choked Plaintiff, and Fillman watched without
2   intervening. (ECF No. 3.)
3         The Attorney General's Office has accepted service on behalf of Boardman, Fillman,
4   Jones, Parr, Rigney, Werber and most recently Deeds. (ECF Nos. 30, 33, 35.) Werber filed a
5   joinder in the answer to the complaint. (ECF No. 40.) On August 18, 2015, the Attorney
6   General's Office advised it would be filing a motion to dismiss on behalf of Deeds upon receipt
7   of certain documentation. (ECF No. 35 at 2.) The undersigned granted a request for an extension
8   of the scheduling order deadlines, giving the parties until November 29, 2016 to conduct
9   discovery, and until December 28, 2016 to file dispositive motions. (ECF No. 36.)
10        The Attorney General's Office was unable to identify and provide a last known address
11  for the defendant identified as A. Scott, and summonses were returned unexecuted with respect
12  to Green, Fletcher, and Pinkham. (ECF Nos. 29, 31, 32, 38.)
13        A notice of intent to dismiss Green, Fletcher, Pinkham and Scott pursuant to Federal Rule
14  of Civil Procedure 4(m) was issued on September 6, 2016. (ECF No. 39.) Plaintiff was given
15  until October 6, 2016, to serve these parties or show good cause as to why service was not made.
16  (*Id.*) To date, a proof of service has not been filed showing service on these defendants, and
17  Plaintiff has not otherwise demonstrated good cause for the lack of service. Therefore, it is
18  recommended that Green, Fletcher, Pinkham and Scott be dismissed without prejudice pursuant
19  to Federal Rule of Civil Procedure 4(m).
20        Defendant Parr moves to dismiss the action as to him, or alternatively, for summary
21  judgment, arguing that he was not present on the date Plaintiff claims Parr used excessive force
22  against him. (ECF No. 17.)
23        **II. LEGAL STANDARD**
24        While this motion is brought as a motion to dismiss, or alternatively, a motion for
25  summary judgment under Federal Rule of Civil Procedure 56, as a general rule the court may not
26  consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a
27  claim without converting it to a motion for summary judgment. *See Lee v. City of Los Angeles*,
28  250 F.3d 668, 688 (9th Cir. 2001); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

2007) (per curiam) (the court will "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice" in ruling on a motion to dismiss). Parr relies on materials outside of the complaint; therefore, the court will treat Parr's motion as one for summary judgment under Federal Rule of Civil Procedure 56.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect

the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'...In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, the opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

> That being said,
> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

### III. DISCUSSION

Insofar as Parr is concerned, the complaint alleges that on September 25, 2014 at approximately 11:30 p.m., Parr, along with Pinkham, Rigney, Green, Boardman and Deeds, beat him up unnecessarily. (ECF No. 4 at 7, 9-10.) Specifically, he alleges that Parr and the others tackled him to the floor and then started to kick him and punch him in the mouth and nose, and then stomped on him while he was on the floor, handcuffed behind his back. (*Id*.)

Parr argues that he was not present at ESP when the alleged beating took place. Parr supports his argument with his own declaration which states that he has reviewed the allegations of the complaint, and that he was not working at ESP on the dates Plaintiff alleges he was beaten. (Parr Decl., ECF No. 17-2.) He also includes the ESP shift roster for the time period of September 25, 2016 at 5:00 a.m. until September 26, 2014, at 5:00 a.m., which confirms he was not working that day. (ECF No. 17-3.) Additionally, he provides a report from the Inspector General regarding Plaintiff's claim that he was assaulted by members of the C.E.R.T. team. (ECF No. 17-5.) The report contains a summary of events, and indicates that on September 25, 2014, Plaintiff assaulted another correctional officer and was removed to the infirmary, and officers Rigney, Pinkham, Boardman and Green were called in due to the possibility of having to

- 6 -

transport Plaintiff to the hospital, but he was ultimately allowed to stay in the infirmary. (*Id*.) Parr was not mentioned.

In his response, Plaintiff states that Defendants admit that Plaintiff was seen drinking prison-made alcohol (commonly referred to as Pruno), and this demonstrates he was under the influence and could have gotten the dates incorrect. (ECF No. 28.) Plaintiff also states that on the date he was assaulted, another inmate (Bullock) was assaulted, and was given a notice of charges that lists Parr as being present at ESP, which supports his claim that Parr was working.

Parr's reply asserts that the complaint, notice of charges and Inspector General's report all indicate that the alleged event took place between September 25 and 26, 2014. (ECF No. 34.) Parr argues that the statement that an unidentified notice of charges of a non-party shows Parr was present is unsupported by fact as Plaintiff did not produce the document or an affidavit from the inmate. (*Id*.)

Plaintiff argues that summary judgment should be denied because he was under the influence and could have gotten the dates incorrect, and because another inmate was given a notice of charges that lists Parr as being present at ESP on that date. Plaintiff's unsupported statements are insufficient to overcome Parr's motion for summary judgment.

First, the complaint, which Plaintiff signed under penalty of perjury, specifically states that the alleged events took place between September 25 and 26, 2014.

Second, the Inspector General report concerning the investigation of Plaintiff's allegations that he was beaten is consistent with the allegations of the complaint that the events took place between September 25 and 26, 2014. Plaintiff's notice of charges also states that he was seen drinking prison-made alcohol on September 25th.

Third, Plaintiff states that Defendants admit Plaintiff was seen drinking prison made alcohol, and then draws the conclusion that this demonstrates he was under the influence and "could possibly" have gotten the dates incorrect with respect to Parr's participation. (ECF No. 28 at 2:4-9.) He does not provide a statement under oath that he was in fact intoxicated, and the bare assertion that he "possibly" could have gotten the dates wrong is insufficient under Rule 56. While reasonable inferences are drawn in favor of the non-moving party, it is not reasonable to

1 conclude from the statement that Plaintiff was seen drinking prison made alcohol that he got the
2 dates wrong, particularly in light of the fact that the complaint specifically identifies September
3 25 and 26 as the relevant time frame that is corroborated by the Inspector General's report and
4 the notice of charges.

5     Fourth, Plaintiff's argument that another inmate's notice of charges proves Parr was
6 present is unsubstantiated. While Plaintiff claims that he can obtain the other inmate's notice of
7 charges in discovery, he could have obtained a declaration from the inmate concerning Parr's
8 presence that date. Under Rule 56, to establish a genuine dispute of material fact, the opposing
9 party must cite to "particular parts of materials in the record, including depositions, documents...
10 affidavits or declarations... admissions, interrogatory answers, or other materials[.]" Fed. R. Civ.
11 P. 56(c)(1)(A). Plaintiff has not done so.

12     On the one hand, Plaintiff claims that he could have gotten the dates wrong because he
13 was intoxicated. On the other hand, he claims that another inmate's notice of charges supports
14 his position that Parr was working "on the date Plaintiff alleges defendants assaulted him,"
15 which is September 25, 2014. These statements are not only unsupported by competent evidence,
16 but contradict each other.

17     Plaintiff cannot avoid summary judgment by relying solely on contradictory and
18 conclusory statements unsupported by any evidence. He failed to produce competent evidence
19 sufficient to raise a genuine dispute of material fact regarding Parr's participation in the alleged
20 beating. Therefore, summary judgment should be granted in favor of Parr.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** defendant Parr's motion for summary judgment, and entering judgment in his favor.

**IT IS FURTHER RECOMMENDED** that the District Judge enter an order that Green, Fletcher, Pinkham and Scott be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

////

1      The parties should be aware of the following:

2      1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to
3   this Report and Recommendation within fourteen days of receipt. These objections should be
4   titled "Objections to Magistrate Judge's Report and Recommendation" and should be
5   accompanied by points and authorities for consideration by the district judge.
6      2. That this Report and Recommendation is not an appealable order and that any notice of
7   appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed
8   until entry of judgment by the district court.
9   DATED: October 21, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE