UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVEYON CAMPBELL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES G. COX, et. al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:15-cv-00194-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE** |

　　　　This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　　　Before the court is defendant Terrence Deeds' Motion for Summary Judgment. (ECF No. 48, Exhibits at 48-1 to 48-7.) On February 28, 2017, the court issued an order advising that Defendants had filed motions for summary judgment (ECF Nos. 48, 53), which Plaintiff had failed to oppose. (ECF No. 57.) The court gave Plaintiff an additional twenty days to file a response to the motions. (*Id*.) On April 3, 2017, Plaintiff filed a motion for extension of time to respond to the motions for summary judgment. (ECF No. 58.) The following day, the court granted Plaintiff's motion, giving him up to May 5, 2017 to file a response to the motions. (ECF No. 59.) As of the date of this Report and Recommendation, no response has been filed.

　　　　After a thorough review, it is recommended that Deeds' motion be granted and that judgment be entered in his favor.

///

///

## I. BACKGROUND

Plaintiff is an inmate within the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The allegations giving rise to the complaint took place while Plaintiff was housed at Ely State Prison (ESP). (Compl., ECF No. 4.)

Plaintiff filed his original complaint on April 3, 2015, which the court screened and directed to be filed on November 13, 2015. (ECF Nos. 1-1, 3, 4.) He was given leave to amend to correct certain deficiencies in the complaint, but failed to file an amended complaint within the prescribed time period; therefore, the court ordered that the action would proceed on the claims identified in the screening order. (ECF No. 5.)

In the complaint, Plaintiff alleges that on September 25, 2014, he was in an altercation with another correctional officer, which resulted in him being shot and taken to the infirmary at approximately 9:30 p.m., but this event is not the subject of this action. (ECF No. 4 at 9.) At approximately 11:30 p.m., Plaintiff claims that defendant Werber opened Plaintiff's cell door and allowed C.E.R.T. Officers Pinkham, Rigney, Green, Boardman, Parr and Deeds to beat up Plaintiff unnecessarily. (*Id*. at 7, 9-10.) He alleges that Deeds grabbed him and squeezed his throat, while Pinkham, Boardman and Parr tackled him to the floor and started to kick him and punch him in the mouth and nose. (*Id*. at 9.) Rigney, Green, Pinkham, Parr and Deeds then began stomping on him while he was on the floor, handcuffed behind his back and not resisting. (*Id*. at 10.) Werber failed to intervene, and when Plaintiff tried to exit his cell, Werber pushed him back in and the abuse continued. (*Id*.) Plaintiff claims he suffered injuries including a black eye, bruised ribs, numbness to the hands and wrists, injury to the nose, migraine headaches and difficulty breathing. (*Id*. at 11.)

He avers that Nurse A. Scott came to his cell and Scott agreed with another officer not to provide Plaintiff with any aid. (*Id*.) He claims that Scott refused to treat Plaintiff, and instead left him on the floor bleeding. (*Id*. at 11-12.) Plaintiff also contends that Nurse Jones failed to remove shotgun pellets from Plaintiff. (*Id*. at 14.)

///

He goes on to allege that on September 26, 2014, Associate Warden Michael Fletcher ordered Correctional Officer Fillman to clean up blood from Plaintiff's injuries from the previous night's attack, and Fletcher choked and threatened Plaintiff before leaving his cell. (*Id*. at 8, 15-16.) Fillman failed to intervene. (*Id*. at 16.)

The court allowed Plaintiff to proceed with an excessive force claim based on the allegation that he was attacked in his cell by Deeds, Rigney, Green, Pinkham, Boardman and Parr, and an Eighth Amendment claim against Werber for failing to intervene. He was also allowed to proceed with an Eighth Amendment claims against Scott and Jones for deliberate indifference to a serious medical need based on the alleged failure to provide medical treatment. In addition, the court found Plaintiff stated colorable Eighth Amendment claims against Fletcher and Fillman based on the allegations that Fletcher choked Plaintiff, and Fillman watched without intervening. (ECF No. 3.)

Green, Fletcher, Pinkham and Scott were dismissed without prejudice because Plaintiff failed to timely serve them pursuant to Federal Rule of Civil Procedure 4(m). (*See* ECF No. 50.) In addition, summary judgment was granted to defendant Parr on the basis that he was not present on the date Plaintiff alleged Parr used excessive force against him. (*Id.*) Therefore, the remaining defendants are: Deeds, Rigney, Boardman, Werber, Jones and Fillman.

Deeds now moves for summary judgment, arguing that he was not present on the date when Plaintiff contends he utilized excessive force. (ECF No. 48.) The remaining Defendants have also filed a motion for summary judgment (ECF No. 53), which is addressed in a separate report and recommendation.

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. See Anderson, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'...In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, the opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

That being said,
[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

///

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

### III. DISCUSSION

Deeds asserts that according to Plaintiff's complaint, Plaintiff was involved in an altercation with a correctional officer on September 25, 2014, where he was peppered with bird shot and then taken to the ESP infirmary around 9:30 p.m. (ECF No. 48 at 3, citing ECF No. 4 at 7, 9.) Plaintiff goes on to allege that at about 11:30 p.m. that night Werber and Campbell let CERT officers, including Deeds, into his cell, and the officers proceeded to violently assault him. (ECF No. 48 at 3, citing ECF No. 4 at 7, 9-10.)

Deeds submits evidence demonstrating that he was not present when the events are alleged to have occurred, including the ESP shift roster, a report of the Inspector General, and payroll timesheets, as well as Deeds' own declaration. (ECF No. 48 at 5-6; ECF No. 48-1 (Deeds Decl.); ECF No. 48-4 at 2-3 (Inspector General's report); 48-4 at 4 (shift schedule).)

Plaintiff has not filed a response to the motion, and as a consequence has not submitted evidence to the court that creates a genuine dispute of material fact as to Deeds' presence on the date in question. Therefore, summary judgment should be granted in favor of Deeds.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Deeds' Motion for Summary Judgment (ECF No. 48) and entering judgment in favor of Deeds.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: May 22, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE